**HUNG ZHANG LI, a.k.a. Hung Xing Li, Petitioner,**

v.

**Alberto GONZALES, Attorney General, Respondent.**

No. 06–4439–ag.

United States Court of Appeals, Second Circuit.

June 6, 2007.

Aleksander B. Milch, New York, NY, for Petitioner.

Peter D. Keisler, Assistant Attorney General, Civil Division, Anthony W. Norwood, Senior Litigation Counsel, Jennifer Levings, Trial Attorney, Office of Immigration Litigation, Washington, D.C., for Respondent.

PRESENT: Hon. GUIDO CALABRESI, Hon. ROBERT D. SACK, and Hon. SONIA SOTOMAYOR, Circuit Judges.

### SUMMARY ORDER

Petitioner Hung Zhang Li, a native and citizen of the People's Republic of China, seeks review of a September 1, 2006 order of the BIA affirming the July 12, 2005 decision of Immigration Judge ("IJ") Hel-

en Sichel, denying his applications for asylum, withholding of removal and relief under Article 3 of the Convention Against Torture ("CAT"). *In re Hung Zhang Li, a.k.a. Hung Xing Li,* No. A77 281 344 (B.I.A. Sept. 1, 2006), *aff'g* No. A77 281 344 (Immig. Ct. N.Y. City July 12, 2005). We assume the parties' familiarity with the underlying facts and procedural history of the case.

Where, as here, the BIA adopts and affirms the decision of the IJ, we review the IJ's decision directly. *Chun Gao v. Gonzales,* 424 F.3d 122, 124 (2d Cir.2005). We review questions of law and the application of law to undisputed fact *de novo, see Secaida–Rosales v. INS,* 331 F.3d 297, 307 (2d Cir.2003), and the agency's factual findings under the substantial evidence standard. 8 U.S.C. § 1252(b)(4)(B); *Zhou Yun Zhang v. INS,* 386 F.3d 66, 73 & n. 7 (2d Cir.2004).

Assuming *arguendo* that we have jurisdiction to review the agency's denial of Li's asylum application along with its denial of his applications for withholding of removal and relief under the CAT, we agree that Li failed to establish eligibility for any of those forms of relief. In order to qualify for asylum or withholding of removal, an alien must establish that his fear of persecution is on account of on of the protected grounds set forth at 8 U.S.C. § 1101(a)(42). Here, substantial evidence supports the IJ's finding that, to the extent Li was targeted by Chinese authorities for arrest and punishment, it was on account of his failure to obtain official permission to build a Buddhist temple. Accordingly, there is no error in the IJ's conclusion that Li failed to establish a nexus between his fear of mistreatment and a protected ground of relief.

Contrary to Li's arguments before this Court, the fact that the building he was constructing was a religious temple does not compel the finding that he was target-

ed on account of his religious beliefs. In his testimony, Li stated repeatedly that the motivation behind the authorities' decision to arrest him was his failure to obtain a land permit. At no time did he indicate that he was targeted because the building he was constructing was a Buddhist temple.

The 2004 State Department Profile does not support Li's contention that Buddhists are persecuted in China. As the government notes, the Profile indicates that Buddhism is one of five religions which the Chinese government recognizes, and "[m]ost Buddhists, except for those who practice Tibetan Buddhism, report few or no difficulties practicing their faith." The Profile supports the IJ's decision where nothing in the record suggests that Li's particular Buddhist beliefs were such that Chinese authorities would be interested in restricting his religious practices.

Substantial evidence also supports the IJ's finding that Li failed to establish that it is more likely than not that he would suffer torture if returned to China. Li never testified that he was tortured in the past. And Li did not testify that he feared torture in the future, only that he feared arrest and persecution. *Kyaw Zwar Tun v. INS,* 445 F.3d 554, 567 (2d Cir.2006). And the background materials submitted do not indicate that Chinese authorities are more likely than not to target Buddhists for torture.

Accordingly, Li's petition for review is DENIED. Having completed our review, the pending motion for a stay of removal is DISMISSED as moot. The pending request for oral argument is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), Second Circuit Local Rule 34(d)(1).